**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vivian Epps, | No. CV18-01274-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| CVS Health Corporation, | |
| Defendant. | |

Pro se Plaintiff Vivian Epps sued CVS Health Corporation ("CVS"), alleging that she was injured at CVS retail store #2963 in Phoenix, Arizona, on January 23, 2017. Doc. 1. Germann Dobson CVS, LLC ("Germann") has filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(5), 12(b)(6), and 10(b). Doc. 14. Plaintiff responded to the motion to dismiss (Doc. 18), and Germann moved under Rule 12(e) for a more definite statement of the response (Doc. 19). Plaintiff responded to the motion for a more definite statement (Doc. 20), and Germann asked the Court to strike the response (Doc. 21).

**I.    Germann's Motions.**

Germann is not named as a defendant, is not a party, and has not sought to become a party. Although Germann asserts that it owns and operates the store where Plaintiff allegedly was injured, Plaintiff is the master of her complaint and makes clear that she intends to sue CVS, not Germann. *See* Docs. 18, 20. As a non-party, Germann has no standing to challenge the sufficiency of Plaintiff's complaint or her service of process.

Additionally, even though it is invalid because Germann is not a party, Germann's motion for a more definite statement is improper. *See Coleman v. Calvert Cty.*, No. GJH-15-920, 2016 WL 206294, at *1 (D. Md. Jan. 15, 2016).[1]

## II. Plaintiff Has Not Properly Served CVS.

Plaintiff filed her complaint against CVS on April 25, 2018. Doc. 1. On May 10, 2018, Plaintiff filed an affidavit stating that she served the summons on Larry Merlo, CVS's president and CEO, by certified mail with signature required. Doc. 7; *see* Doc. 18 at 9. On May 14, 2018, Plaintiff filed a return receipt showing that an agent of CVS received and accepted service by signature dated May 8, 2018. Doc. 8. To date, CVS has not appeared or responded to the complaint.

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Rule 4(c)(1) requires Plaintiff to serve the summons and *a copy of the complaint*. Plaintiff's proof of service states only that she served the summons. *See* Docs. 7, 8.

Additionally, it is unclear whether Plaintiff may complete service of process in this case by certified mail. Rule 4(h)(1)(A) allows service to be made on a corporation in accordance with Rule 4(e)(1), which in turn allows service in accordance with applicable state rules, and Rule 4.2(c) of the Arizona Rules of Civil Procedure allows service by certified mail on some out-of-state defendants. It is not clear whether the Arizona service-by-mail rule applies to out-of-state corporations. *See* Arizona Rule 4.2(h) (requiring service by "delivering a copy of the summons and the pleading"). Because this issue has not been raised or briefed, the Court will not address it further.

## III. Extension of Time to Serve.

The 90-day deadline for service has expired. *See* Fed. R. Civ. P. 4(m). The Court

---

[1] A motion for a more definite statement may be filed only in response to a pleading. Fed. R. Civ. P. 12(e). Pleadings include a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if the Court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). Plaintiff's response to the motion to dismiss is not a pleading.

- 2 -

has discretion under Rule 4(m) to extend the time for service, with or without a showing of good cause. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007); *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004). The Court will grant Plaintiff an additional **45 days** to complete proper service on Defendant CVS. Plaintiff is warned that her failure to properly serve CVS will result in dismissal of this case.

**IV.    Warnings.**

Plaintiff is directed to familiarize herself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona, both of which can be found on the Court's website at www.azd.uscourts.gov. A copy of the Court's Local Rules of Civil Procedure may also be obtained from the Clerk's Office.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir.1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED**:

1. Germann Dobson CVS, LLC's motion to dismiss (Doc. 14), motion for a more definite statement (Doc. 19), and motion to strike (Doc. 21) are **denied**.

2. Plaintiff shall file proof of proper service on Defendant CVS Health Corporation on or before **September 25, 2018**.

3. The Clerk shall **terminate** this matter, without further order of the Court, if Plaintiff fails to file proof of service by **September 25, 2018**.

Dated this 10th day of August, 2018.

David G. Campbell
Senior United States District Judge