**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vivian Epps, | No. CV-18-01274-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| CVS Health Corporation, | |
| Defendant. | |

Pro se Plaintiff Vivian Epps has sued Defendant CVS Health Corporation, alleging that she was injured at a local CVS store in January 2017. Doc. 1. The parties have filed motions for summary judgment. Docs. 71, 74. Plaintiff's motion and response briefs fail to comply with the applicable rules. Given her pro se status, Plaintiff shall have until **March 11, 2019** to file an appropriate response to Defendant's summary judgment motion, and until **February 28, 2019** to file a new summary judgment motion of her own, if she so chooses.

**I.      Summary Judgment Standards and Procedures.**

The Court previously directed Plaintiff to familiarize herself with the Federal Rules of Civil Procedure and the Court's Local Rules of Civil Procedure, both of which Plaintiff can find on the Court's website at www.azd.uscourts.gov. Doc. 24 at 3. The Court warned Plaintiff that if she fails to comply with the rules or any Court order, the

1   Court may dismiss the action with prejudice.  *Id.*; Doc. 63; *see Ferdik v. Bonzelet*, 963

2   F.2d 1258, 1260 (9th Cir. 1992).  Plaintiff has failed to comply with the rules governing

3   summary judgment.  But instead of dismissing this action, the Court will give Plaintiff

4   some additional time to file proper summary judgment briefs.

5         To assist Plaintiff in this regard, the Court provides the following procedural

6   guidance.  *See Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir. 1998) (noting that the

7   "purpose of the Federal Rules to eliminate 'procedural booby traps' which could prevent

8   'unsophisticated litigants from ever having their day in court'" (citations omitted)).

9   Summary judgment motions are governed in part by Federal Rule of Civil Procedure 56,

10  which provides that "[t]he court shall grant summary judgment if the movant shows that

11  there is no genuine dispute as to any material fact and the movant is entitled to judgment

12  as a matter of law."  Fed. R. Civ. P. 56(a).  This means that if there is no real dispute

13  about facts that would affect the outcome of the case, the party who requested summary

14  judgment is entitled to judgment as a matter of law, which would end the case.

15        Rule 56(c) requires the party asserting that a fact cannot be disputed, or is

16  genuinely disputed, to "support the assertion by: (A) citing to particular parts of materials

17  in the record, . .  or (B) showing that the materials cited do not establish the absence or

18  presence of a genuine dispute[.]"  Fed. R. Civ. P. 56(c)(1); *see also Celotex Corp. v.*

19  *Catrett*, 477 U.S. 317, 323 (1986).  This means that in response to a defendant's summary

20  judgment motion, the plaintiff cannot simply rely on what the complaint says, but instead

21  must set forth specific facts supported by evidence.  Such evidence includes documents,

22  emails, depositions, admissions, interrogatory answers, stipulations, and sworn testimony

23  in the form of affidavits or declarations.  *See* Fed. R. Civ. P. 56(c)(1)(A).  The Court need

24  consider only the cited materials in ruling on a summary judgment motion.  *See* Fed. R.

25  Civ. P. 56(c)(3).  If a party fails to properly support an assertion of fact or fails to

26  properly address another party's assertion of fact as required by Rule 56(c), the court may

27  consider the fact undisputed for purposes of the motion and grant summary judgment.

28  *See* Fed. R. Civ. P. 56(e).  The granting of summary judgment against the plaintiff means

that the case will be dismissed and there will be no trial.

Local Rule of Civil Procedure 56.1 provides additional requirements for summary judgment motions and responses. Local Rule 56.1 requires the parties to include a separate statement of facts with their summary judgments motions, and a separate controverting statement of facts with their responses to such motions. LRCiv 56.1(a)-(b). Each material fact in the separate statement must be set forth in a separately numbered paragraph, and must refer to the specific portion of the record where the fact finds support (for example, a document, deposition, discovery response, etc.). *Id.* A failure to submit a separate statement of facts in this form may provide a basis for the denial of the summary judgment motion. *See* LRCiv 56.1(a). The parties must also cite to the specific paragraph in the statement of facts that supports any factual claims made in their motions and response briefs (i.e., their "memoranda of law"). *See* LRCiv 56.1(e). The subsections of Local Rule 56.1 discussed in this paragraph provide as follows:

> **(a) Separate Statement of Facts.** Any party filing a motion for summary judgment must file a statement, separate from the motion[,] . . . setting forth each material fact on which the party relies in support of the motion. The separate statement should include only those facts that the Court needs to decide the motion. Other undisputed facts (such as those providing background about the action or the parties) may be included in the [motion], but should not be included in the separate statement of facts. Each material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition, discovery response, etc.). A failure to submit a separate statement of facts in this form may constitute grounds for the denial of the motion.

> **(b) Controverting Statement of Facts.** Any party opposing a motion for summary judgment must file a statement, separate from that party's [response], setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set

forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support. No reply statement of facts may be filed.

. . . .

**(e) Citations in Memoranda.** Memoranda of law filed in support of or in opposition to a motion for summary judgment, including reply memoranda, must include citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda regarding any material fact on which the party relies in support of or in opposition to the motion.

## II. Plaintiff Has Failed to Comply with the Rules.

Plaintiff filed a separate statement of facts to support her summary judgment motion (Doc. 75), but – in violation of Local Rule 56.1(a) – the facts alleged in the statement are not set forth in separately numbered paragraphs, and the statement does not cite to the specific parts of the record that support the facts. Plaintiff's motion (Doc. 74) does not cite to the specific paragraph in the statement of facts that supports assertions made in the motion, in violation of Local Rule 56.1(e). Although Plaintiff attached certain documents to her responses to Defendant's summary judgment motion (Docs. 73, 76), she failed to file a separate and complete controverting statement of facts as required by Local Rule 56.1(b).

Plaintiff is again warned that, although she is proceeding pro se, she must become familiar with, and follow, all applicable rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). If Plaintiff fails to properly respond to Defendant's motion (Doc. 71), the Court may grant summary judgment against Plaintiff and terminate this case.

**IT IS ORDERED**:

1.      Plaintiff shall have until **March 11, 2019** to file a response brief and separate controverting statement of facts to Defendant's summary judgment

motion and statement of facts (Docs. 71, 72) that comply fully with Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56.1.

2.      Plaintiff shall have until **February 28, 2019** to file a new motion for summary judgment and separate statement of facts that comply with the rules.

Dated this 15th day of February, 2019.

_David G. Campbell_
David G. Campbell
Senior United States District Judge