1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Vivian Epps, | No. CV18-1274-PHX DGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| CVS Health Corporation, | |
| Defendant. | |

Pro se Plaintiff Vivian Epps sued CVS Health Corporation ("CVS") alleging injuries received at CVS retail store #2963 ("Store 2963"). Doc. 1. CVS moves for summary judgment (Doc. 71), and Plaintiff has filed a cross motion for summary judgment (Doc. 79). The motions are fully briefed, and oral argument will not aid the Court's decision. Fed. R. Civ. P. 78(b); LRCiv 7.2(f). For the reasons that follow, the Court will grant CVS's motion and deny Plaintiff's motion.

**I.  Background.**

On January 23, 2017, Plaintiff visited Store 2963 in Phoenix, Arizona. *See* Doc. 72 ¶ 1. She alleges that she suffered a head injury when a "metal bindery-shade," situated above the store's dairy container, fell and hit her on the head. Doc. 1 at 1-2.

Plaintiff filed a complaint on April 25, 2018, naming CVS as the sole defendant. *See* Docs. 1, 72 ¶ 2, 84 ¶ 2. German Dobson CVS, LLC ("German"), moved to dismiss the complaint, asserting that it owns and operates Store 2963 and that it had not been properly served. Doc. 14. Plaintiff responded that she chose to sue the "HEADquarters rather than

the BODY of the snake." Doc. 18 at 2. The Court denied German's motion because it was not a party to the suit and Plaintiff clearly stated her intent to sue CVS and not German. Doc. 24 at 1.

At a case management conference on September 27, 2018, the Court explained to Plaintiff that CVS and German were asserting that she had sued the wrong defendant. The Court explained that Plaintiff could amend her complaint to name the correct defendant, but if she chose to sue only CVS and the Court later determined on summary judgment that CVS did not own Store 2963, summary judgment could be entered against her. Doc. 60 at 7-14. Plaintiff declined to amend and stated that she would stand on her complaint against CVS. *Id.* The Court accordingly established a schedule for focused discovery on whether CVS can be liable for Plaintiff's injuries. Doc. 53.

Discovery has now closed, and CVS moves for summary judgment. CVS asserts that it cannot be liable to Plaintiff because it is not a possessor of Store 2963 and has no special relationship that establishes a duty to Plaintiff. Doc. 71.

The Court explained at the case management conference that Plaintiff is required to follow the Federal Rules of Civil Procedure and the Court's Local Rules. Doc. 60 at 3-5. The Court apprised Plaintiff of a handbook for pro se litigants prepared by the Court and available on its website. *Id.* at 5. The handbook includes a section on the summary judgment process. *See* Representing Yourself in Federal Court in the District of Arizona: A Handbook for Self-Represented Litigants (3d. ed. 2016) at 70-73, *available at* http://www.azd.uscourts.gov/handbook-self-represented-litigants. The Court also explained the summary judgment process to Plaintiff in an order dated February 15, 2019. *See* Doc. 77.

Despite this attempted assistance, Plaintiff has filed a bewildering array of documents. These include two motions for summary judgment (Docs. 74, 79), three responses to CVS's motion for summary judgment (Docs. 73, 76, 83), briefs in support of her motion and response (Docs. 81, 85), a motion to submit copies of other evidence with an accompanying memorandum (Docs. 90, 91), a motion for leave to file a response to Defendants' reply (Doc. 92), and a motion to amend or correct exhibits with an

accompanying memorandum (Docs. 95-96). Plaintiff attaches exhibits, most of them duplicative, to eight of these filings. *See* Docs. 74, 75, 76, 79, 81, 82, 85, 86.

After Plaintiff's first motion for summary judgment and two responses to CVS's motion, the Court gave Plaintiff until February 28, 2019 to file a new motion for summary judgment and until March 11, 2019 to file a response brief that complied fully with Rule 56. Doc. 77. Because they were filed after the Court's clarifying order, the Court has focused primarily on Plaintiff's second motion for summary judgment (Doc. 79) and her last response to CVS's motion (Doc. 83).

## II. Legal Standard.

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## III. Negligence.

Because the parties do not dispute choice of law, and both apply Arizona law in their briefs, the court will also apply Arizona law. A negligence action may be maintained in Arizona "only if there is a duty or obligation, recognized by law, which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm." *Markowitz v. Ariz. Parks Bd.*, 706 P.2d 364, 366 (Ariz. 1985); *see also Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007) (setting forth the elements of a negligence claim). The primary issue is whether CVS owes a duty to Plaintiff.

Duty normally is determined as a matter of law. *Beach v. City of Phoenix*, 667 P.2d 1316, 1320 (Ariz. 1983). Under Arizona law, a duty must be based on a special relationship recognized by the common law or a relationship created by public policy. *See Quiroz v. ALCOA Inc.*, 416 P.3d 824, 829 (Ariz. 2018).

### A. Premises Liability.

Arizona recognizes that a possessor of land has an affirmative duty to use reasonable care to make its premises safe for use by invitees. *See Markowitz*, 706 P.2d at 368. To be a possessor of land, an entity must occupy the land with the intent to control it. *See Timmons v. Ross Dress for Less*, 324 P.3d 855, 856-57 (Ariz. Ct. App. 2014); Restatement (Second) of Torts § 328E.

CVS argues that it neither possesses nor owns Store 2963, and that the owner of the store is German. Doc. 71 at 4. CVS does not manage, own, or control German. *Id*. Nor does CVS control any employees or conduct any business in Arizona. *Id*. CVS supports these assertions with an affidavit from Melanie Luker, a senior manager of corporate services for CVS Pharmacy, Inc. *See* Doc. 72-1 at 36-37 ¶¶ 4-9; *see also* Doc. 72 ¶¶ 16-20.

Plaintiff responds that CVS is the parent company of Store 2963 and that the store is a subsidiary of CVS. Doc. 85 at 3. She asserts that a parent, by law, is liable for its subsidiaries. *Id*. She attaches several exhibits, although her motion cites only a few of them.

Exhibit A states "CVS Pharmacy Retail company" at the top and then states "Description[:] CVS Pharmacy is a subsidiary of the American retail and health care company CVS Health." Doc. 85 at 6. It provides a Rhode Island headquarters location and states "Wikipedia." *Id*. It also indicates "Parent organization: CVS Health." *Id*. Although it appears there are web addresses and other routing language at the top of the page, it is not clear where the information originated. *Id*.

Exhibit B appears to be language copied from a website with an overview for CVS Pharmacy, Inc. *Id*. at 8. It states: "The company sells its products through retail stores and online. . . . The company was incorporated in 1969 and is based in Woonsocket, Rhode

Island. CVS Pharmacy Inc. operates as a subsidiary of CVS Health Corporation." *Id*. The document provides a website address after the cited language. *Id.* It also contains what are presumably webpage extracts, with website addresses for Fortune and Bloomberg. Doc. 85 at 9. The clipped information refers to CVS's purchase of Aetna, and the name change to CVS Pharmacy, Inc. from CVS, Inc. *Id*. at 9.

Exhibit C provides a list of questions and answers and states that CVS Health owns CVS Pharmacy, Inc., but fails to indicate the source of the information. *Id*. at 11.

Exhibit D refers to "the Company" without specifying that it is CVS and contains general statements about its performance and operations. *Id.* at 13. It also includes information about profits of CVS Health. *Id.* at 14.

Exhibit E appears to be a web search for information about Store 2963. It states that "Cvs Pharmacy #02963 is doing business as a local retailer of German Dobson Cvs, LLC, providing medical supplies and equipment which are considered as Medicare chargeable items." *Id.* at 17.

Exhibit F is an email from Jeannine A. Pratt to Plaintiff which says: "I just received your letter about video for our CVS Store 2963." *Id.* at 19. Ms. Pratt appears to be an employee of CVS Health. *Id.*

Exhibit G appears to be a portion of a web page which states that "CVS Health has more than 9800 CVS Pharmacy stores and more than 1100 Minute Clinic . . . retail locations in 49 states, the District of Columbia, Puerto Rico, and Brazil." *Id.* at 21. The exhibit contains other information about CVS and an unrelated photograph, apparently of Store 2963. *Id.* at 23.

CVS responds that Plaintiff's evidence cannot be considered because she fails to show its admissibility. *See* Doc. 87 at 2*.* The Court disagrees. Evidence requires "authentication or identification as a condition precedent to admissibility." *Id*. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Documents that are not properly authenticated cannot *support*

a motion for summary judgment. *See Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987). But evidence need not be in an admissible form to *avoid* summary judgment. *See Celotex*, 477 U.S. at 324; *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). At this stage, the proper inquiry is not the "admissibility of the evidence's form," but whether the contents of the evidence are admissible. *See Quanta Indem. Co. v. Amberwood Dev.*, No. CV-11-01807-PHX-JAT, 2014 WL 1246144, at *2 (D. Ariz. March 26, 2014) (quoting *Fraser*, 342 F.3d at 1036). CVS makes no objections regarding the content of the evidence.

CVS also argues that the evidence, even if admissible, fails to demonstrate a genuine dispute of material fact. The Court agrees. Plaintiff's evidence shows that CVS Pharmacy, Inc. is a subsidiary of CVS, but it does not connect this relationship to ownership or possession of Store 2963 as required for premises liability. The closest document appears to be Exhibit F, in which Ms. Pratt refers to Store 2963 as "our store," but Plaintiff provides no further information. The Court cannot tell from the email whether Ms. Pratt is simply referring to a CVS affiliate or franchise location, or whether CVS has some more significant relationship with German. And Plaintiff provides no additional information on this question.

CVS's sworn affidavit indicates that German owns Store 2963, and nothing provided by Plaintiff refutes that fact. To the contrary, Plaintiff's Exhibit E states that Store 2963 "is doing business as a local retailer of German Dobson Cvs, LLC." *Id.* at 17.

Nor does the evidence contradict CVS's assertion that it does not control or manage German. Plaintiff's evidence says nothing about the relationship between CVS and German. Instead, Plaintiff's arguments conflate CVS Pharmacy, Inc. with Store 2963 and erroneously equate subsidiary status with ownership or possession for the purposes of premises liability. *See* Doc. 85 at 3; *see also Airbus DS Optronics GmbH v. Nivisys LLC.*, 183 F. Supp. 3d 986, 991 (D. Ariz. 2016) ("Generally, a parent corporation is not held liable for the actions of a subsidiary.").[1]

---

[1] Plaintiff also asserts that "[u]nder the Occupiers Liability Acts 1957 and 1984, an

Plaintiff challenges CVS's affidavit under Rule 56(e), arguing that it contains inadmissible hearsay. *See* Doc. 84 ¶¶ 5-9. The Court disagrees.

Inadmissible hearsay cannot support or defeat a motion for summary judgment. *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997). But courts may consider hearsay evidence contained in an affidavit where the affiant could later present the evidence in admissible form at trial. *See Fraser*, 342 F.3d at 1036; *Williams v. Borough of W. Chester*, 891 F.2d 458, 465 n.12 (3d Cir. 1989). No party argues that Ms. Luker would be unable to testify at trial. And the facts set forth in her affidavit are based on her personal knowledge as a senior manager of corporate services for CVS Pharmacy, Inc. This is sufficient for considering an affidavit on summary judgment. *See* Fed. R. Civ. P. 56(c)(4).

In short, Plaintiff presents no evidence to controvert CVS's showing that it does not own Store 2963 or control German. Plaintiff was afforded a fair opportunity to name both CVS and German as defendants in this action, and declined to do so. She was then afforded a reasonable time to conduct discovery. Plaintiff has made multiple filings with numerous exhibits, and yet has failed to produce probative evidence to dispute CVS's assertions. The Court will grant summary judgment on Plaintiff's premises claim because the undisputed evidence shows that CVS did not own Store 2963 or control German.

### B. Special Relationship.

Under Arizona law, various categories of relationships can give rise to a duty aside from the landowner-invitee relationship described above, including duties based on contracts, family relationships, and the parties' undertakings. *Gipson*, 150 P.3d at 232. Plaintiff asserts that CVS Health owes her a duty because it has a special relationship with German as the parent company to Store 2963. Doc. 85 at 3. She cites no authority to support this assertion. And even if Plaintiff could show a special relationship between German and CVS (something she has not done), that would not equate to a duty owed to Plaintiff. The relationship would only create a duty of care between German and CVS.

---

Occupier's responsibility to ensure that Invitees to business premises will be reasonable safe in using the premises AND [t]hat the Occupier's owes a common Duty of Care to Invitees." Doc. 85 at 3. The Court assumes that she is referring to premises liability because there is no independent basis for liability under an "Occupier's Liability Act."

*See Quiroz*, 416 P.3d at 831 (the special employee-employer relationship between father and the employer did not create a special relationship between the employer and any member of the public who may have been exposed to secondary asbestos). Similarly, Plaintiff cites no statute or authority supporting a duty as a matter of public policy. *Quiroz*, 416 P.3d at 830-31 (duties based on public policy are primarily derived from state statutes, the common law, or the Restatement).

### C. Piercing the Corporate Veil.

Plaintiff argues that because Store 2963 is a subsidiary of CVS, the Court should pierce the corporate veil and allow recovery against CVS under "Section 1159 of the Companies Act 2006." Doc. 85 at 3. She asserts that a parent corporation may be directly or indirectly liable as an operator under the Supreme Court's decision in *United States v. Best Foods*, 524 U.S. 51, 64-65 (1998). *Id*. at 4. She asserts that a trial is required to determine the power or influence CVS exercised over its subsidiary. *Id*. Even if German was a subsidiary of CVS (something Plaintiff has not shown), Plaintiff has not presented enough evidence to find a genuine issue of fact exists as to whether the corporate veil should be pierced.

*Best Foods* is inapposite here – it addresses owner and operator liability under CERCLA, the federal superfund statute. It recognizes that a parent corporation may incur operator liability under CERCLA if it directly participates in operation of a subsidiary's polluting facility. 524 U.S. at 60. But Plaintiff's case against CVS is not brought under CERCLA and there is no statutory operator liability here. Plaintiff cites no law for the proposition that a parent corporation can be liable for its subsidiary's negligence absent piercing of the corporate veil.

In determining whether to pierce the corporate veil, the law of the state of incorporation applies. *Gemstar Ltd. v. Ernst & Young*, 917 P.2d 222, 230 (1996). CVS is a Delaware corporation organized under the laws of that state. Doc. 72 ¶ 16. Under Delaware law, piercing a corporate veil requires a fact-intensive inquiry regarding (1) whether the company was adequately capitalized for the undertaking; (2) whether the

company was solvent; (3) whether corporate formalities were observed; (4) whether the controlling shareholder siphoned company funds; and (5) whether the company functioned as a façade for the controlling shareholder. *ASEA/AFSCME Local Health 52 Health Benefits Tr. v. Abbott Labs.*, No. 17-cv-6704, 2018 WL 3022670, at *3 (N.D. Ill. June 18, 2018). Additionally, "[t]o state a 'veil-piercing claim,' the plaintiff must plead facts supporting an inference that the corporation, through its alter-ego, has created a sham entity designed to defraud investors and creditors." *Crosse v. BCBSD, Inc.*, 836 A.2d 492, 497 (De. 2003). The test for fraud essentially requires a showing that the subsidiary corporation is nothing more than a legal fiction. *See Pearson v. Component Tech. Corp.*, 247 F.3d 471, 485 (3rd Cir. 2001).

Plaintiff puts forth the following arguments to support piercing the corporate veil: (1) when CVS decided to stop cigarette sales in their stores, German had no input (Doc. 85 at 3); (2) CVS and German operated as a single business entity that collected net revenue (*Id.*; Doc. 86 ¶ 17); and (3) German has inside office space at the CVS headquarters in Rhode Island (Doc. 83 at 2). Plaintiff's first argument fails because she provides no evidence to support it. She cites to what appears to be a company press release regarding the cessation of the sale of tobacco products, but nothing in this document discusses German's role or authority in that decision. Doc. 85 at 23. Plaintiff also provides no evidentiary support for her third argument.

Plaintiff supports her second argument with a document showing CVS's operating results for the first three months of 2018. *See* Doc. 85 at 14. She argues that this document shows CVS controlled all of Store 2963's financial revenue. Doc. 83 at 2. But this document does not call into question CVS or German's capitalization, solvency, or corporate formalities, nor does it indicate that CVS operated through a sham entity with the intent of defrauding investors or creditors. And while it mentions retail stores, it does not refer to Store 2963 or state that CVS shared revenue with the store. Even if the mention of retail stores were deemed to refer to Store 2963, this document would demonstrate only one factor in a multifaceted inquiry into whether German and CVS operated as a single

entity. *See Pearson*, 247 F.3d at 485 ("[T]o succeed on an alter ego theory of liability, plaintiffs must essentially demonstrate that in all aspects of the business, the two corporations actually functioned as a single entity and should be treated as such."). Plaintiff's evidence is insufficient to pierce the corporate veil.

**IV.     Plaintiff's Motion for Summary Judgment.**

Plaintiff cross moves for summary judgment on her negligence claims, asserting that she has compiled overwhelming evidence that Store 2963 is a subsidiary of CVS and CVS is liable for her injuries. Doc. 81 at 1-3. She submits the same evidence to support her motion that she submitted in response to CVS's motion. As discussed above, this evidence does not establish that CVS owns, occupies, or controls Store 2963. Her evidence is not authenticated and is hearsay, for which she has identified no exception. *See* Fed. R. Evid. 901; Fed R. Evid. 802. The Court cannot grant a motion for summary judgment on inadmissible evidence. *See Canada*, 831 F.2d at 925; *see also Osborn v. Butler*, 712 F. Supp. 2d 1134, 1146 (D. Idaho 2010) (finding statements in a website inadmissible hearsay); *Internet Specialties West, Inc. v. ISPWest*, No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006) ("To be authenticated someone with knowledge of the accuracy of the contents of the internet print-outs must testify."). The Court will deny Plaintiff's motion.

**V.      Plaintiff's Other Motions.**

Since filing her motion for summary judgment, Plaintiff has filed the following documents: (1) a motion to be allowed to submit copies of other evidence; (2) a motion for leave to file a reply to defendant's response; and (3) a motion to amend or correct exhibits 1-10. Docs. 90, 92, 95. The Court will deny these motions.

Plaintiff's first motion, with accompanying memorandum, requests permission to submit, pursuant to Rule 1004, copies of evidence from Exhibits A, B, C, D, E, F, and G. Docs. 90, 91. Plaintiff states that the CEO of CVS had control of the originals of her Exhibits A-G and failed to produce them. Doc. 91. She argues that Exhibits A-G should be admissible even if they are not the originals. *Id.*

Plaintiff has filed several different versions of Exhibits A-G. *See* Docs. 76, 81, 85, 86. The Court assumes Plaintiff's motion is intended to resolve admissibility challenges to her evidence, but it makes no difference in the outcome of these motions. As shown above, none of Plaintiff's evidence shows that CVS owned Store 2963 or owed her a duty.

Plaintiff's second motion requests leave to respond to CVS's March 22, 2019 reply brief. *See* Doc. 92. Plaintiff fails to offer a reason for a sur-reply, and the Court sees no new argument in CVS's reply that would justify it.

Plaintiff's third motion requests leave to file an amended motion to assert a claim under Rule 1004 to admit the evidence in exhibits 1-10 of "Disposition Brief March 4, 2019." Doc. 96. She argues that production of the originals is excused as a matter of law. *Id.* Plaintiff did not submit a brief on March 4, 2019. She submitted Exhibits 2-9, attached to her statement of facts in support of her motion for summary judgment (Doc. 80 at 6-38), and the Court can only assume these are the exhibits she is referencing. Because allowing copies rather than originals does not change the nature of this evidence, the Court will deny this motion.

**IT IS ORDERED:**

1. Defendant CVS's motion for summary judgment (Doc. 71) is **granted**.
2. Plaintiff's motions (Docs. 79, 90, 92, 95) are **denied**.
3. The Clerk shall enter judgment for Defendant and **terminate** this action.

Dated this 7th day of May, 2019.

David G. Campbell
Senior United States District Judge