**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vivian Epps, | No. CV18-1274-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| CVS Health Corporation, | |
| Defendant. | |

On May 7, 2019, the Court entered summary judgment in favor of Defendant CVS Health Corporation. Doc. 101. Pro se Plaintiff Vivian Epps appealed. Doc. 104. The Court subsequently denied Ms. Epps's motion to set aside the judgment under Rule 60(b). Doc. 107. Since then, Ms. Epps has filed seven additional motions. *See* Docs. 109, 114, 115, 118, 120, 123, 125.

The new motions raise various arguments. Although this case is on appeal, the Court concludes that two of the arguments should be addressed. First, Ms. Epps argues that the summary judgment should be set aside under Rule 60(b) because of newly discovered evidence and fraud on the Court. Second, Ms. Epps argues that the undersigned judge should be removed from this case. The Court will address these issues and deny Ms. Epps's motions.

**I.     Newly Discovered Evidence.**

Ms. Epps asserts, in several places in her recent filings, that she has found new evidence that affect the Court's summary judgment ruling. Specifically, Ms. Epps

presents evidence that the entity which owns the CVS store where she allegedly was injured, German Dobson CVS, LLC ("German Dobson"), is an Arizona limited liability company whose sole member is CVS Pharmacy, Inc. *See* Docs. 115 at 15-21, 121 at 7-8. CVS Pharmacy, Inc. is not the Defendant in this case. Ms. Epps has sued an entity known as CVS Health Corporation ("CVS Health"). Ms. Epps asserts, correctly, that CVS Pharmacy, Inc. is a wholly-owned subsidiary of CVS Health. *See* Doc. 121 at 7. Ms. Epps argues that CVS Health is liable in this case because its wholly-owned subsidiary is the sole member of the LLC that owns the store where she was injured.

The Ninth Circuit has explained the requirements for relief under Rule 60(b) on the basis of newly discovered evidence:

> Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show that the evidence relied on in fact constitutes "newly discovered evidence" within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to have changed the disposition of the case.

*Feature Realty, Inc. v. City of Spokane,* 331 F.3d 1082, 1093 (9th Cir. 2003). Ms. Epps's new evidence satisfies none of these requirements.

**A.  The Evidence Is Not Newly Discovered.**

Ms. Epps began this case by suing CVS Health (Doc. 1) (referred to in the complaint as "CVS Health Corporate Headquarters"). Defense counsel responded by informing Ms. Epps that CVS Health did not own the store where she was allegedly injured, and that the store was owned by German Dobson. Ms. Epps was contacted by the claims management service for German Dobson in June of 2017, before her case was filed, and informed her that German Dobson owned the store and that the claims management service would handle her claim. Doc. 11-1 at 6. She refused to deal with the claims manager, stating that German Dobson "is NOT the Headquarter for CVS retail." *Id.*

When Ms. Epps persisted in suing CVS Health, defense counsel filed a motion to dismiss, which was later amended. *See* Docs. 11, 14. Both of these motions attached a document entitled "Entity Information" which described German Dobson as an Arizona LLC and specifically identified its sole member as CVS Pharmacy, Inc. *See* Docs. 11-1 at 3, 14-1 at 3. Thus, the fact that CVS Pharmacy, Inc. is the sole member of German Dobson has been known from the outset of this case, and Ms. Epps has asserted on numerous occasions that CVS Pharmacy Inc. is a wholly-owned subsidiary of CVS Health. The evidence relied on in her Rule 60(b) motion is not newly discovered.

**B.    Evidence Could Have Been Discovered Through Reasonable Diligence.**

The history of this case is relevant. At the Case Management Conference on September 27, 2018, the Court had an extended discussion with Ms. Epps about the fact that she allegedly had sued the wrong entity. *See* Doc. 60. Defense counsel had already identified German Dobson as the correct entity, and the claims management company for German Dobson had reached out to Ms. Epps to process her claim. Ms. Epps nonetheless had persisted in her intent to sue CVS Health.

The Court explained during the conference that it would allow Ms. Epps to conduct discovery concerning the correct identity of the Defendant and then amend her complaint, if she chose to do so. The Court explained that if she sued the wrong entity, summary judgment would be granted and much effort would have been wasted. Ms. Epps declined to accept the Court's information:

> THE COURT: . . . Do you want to consider amending your complaint to name the actual owner of the store, or do you want to simply persist in your claim against the parent?
>
> MS. EPPS: All I know is that the parent company is the co-owner and the email preponderance of evidence validated that they do -- they are. It is their CVS store number. She even said Number 2963. That's the store that I got my head injury.
>
> THE COURT: So I hear you to be saying you want to go forward with the lawsuit against the parent company.
>
> MS. EPPS: Correct.

|   |   |
|---|---|
| 1 | THE COURT: And you do not want to name the local or the other owner. Is that correct? |
| 2 | |
| 3 | MS. EPPS: Correct. Because they are co-owner, parent company. |

Doc. 60 at 13-14.

As the result of Ms. Epps's decision to persist in her claim against CVS Health and Defendant's plausible assertion that CVS Health was not the correct entity, the Court established a three-month discovery period focused on the correct identity of the defendant in this case. Doc. 53. The Court explained the various discovery tools in the Federal Rules of Civil procedure, and then stated:

> Since you want to stand on your claim against the parent corporation, what I'm going to do in this case is set a discovery period on the question of the ownership of the store and whether there is a basis for holding the parent liable. And at the end of that discovery period, which will be a few months long – I'll set a date in a moment – you each can file motions for summary judgment, and I will decide whether we can resolve the case at that point on that issue. And if that resolves the issue, then it will end the case. If it doesn't resolve the issue, then we'll need to set a schedule to do additional discovery and go forward. But I think we ought to address that issue first.

Doc. 60 at 14-15.

The Court explained that the discovery period would focus not only on the correct identity of the store owner, but also on whether the parent corporation could be liable for injuries at the store. *Id*. at 17. The Court told the parties that they could place a telephone call to the Court if any discovery issues arose. The Court provided this final explanation to Ms. Epps:

> Now, what we're going to focus on in this first discovery period is the narrow question of whether the party you've chosen to sue could be held liable for your claims, whether they're the right party in the case, because that's, I think, the first issue we ought to decide.

*Id.* at 21.

The discovery period was completed and motions for summary judgment were filed. Docs. 71, 74. Because Ms. Epps's responses to Defendant's motion were confusing and improper in form, the Court afforded her a second opportunity to reply to

Defendant's motion and provided a detailed description of the summary judgment process. *See* Doc. 77.

After briefing, the Court granted Defendant's motion for summary judgment. The Court explained:

> Plaintiff's evidence shows that CVS Pharmacy, Inc. is a subsidiary of CVS, but it does not connect this relationship to ownership or possession of Store 2963 as required for premises liability. The closest document appears to be Exhibit F, in which Ms. Pratt [an employee of CVS Pharmacy, Inc.] refers to Store 2963 as "our store," but Plaintiff provides no further information. The Court cannot tell from the email whether Ms. Pratt is simply referring to a CVS affiliate or franchise location or whether CVS has some more significant relationship with German. And Plaintiff provides no additional information on this question.
>
> CVS's sworn affidavit indicates that German owns Store 2963, and nothing provided by Plaintiff refutes that fact. To the contrary, Plaintiff's Exhibit E states that Store 2963 "is doing business as a local retailer of German Dobson CVS, LLC." *Id*. at 17.
>
> Nor does the evidence contradict CVS's assertion that it does not control or manage German. Plaintiff's evidence says nothing about the relationship between CVS and German. Instead, Plaintiff's arguments conflate CVS Pharmacy, Inc. with Store 2963 and erroneously equate subsidiary status with ownership or possession for the purposes of premises liability. *See* Doc. 85 at 3; *see also Airbus DS Optronics GmbH v. Nivisys LLC.*, 183 F. Supp. 3d 986, 991 (D. Ariz. 2016) ("Generally, a parent corporation is not held liable for the actions of a subsidiary.")
>
> \* \* \*
>
> In short, Plaintiff presents no evidence to controvert CVS's showing that it does not own Store 2963 or control German. Plaintiff was afforded a fair opportunity to name both CVS and German as defendants in this action, and declined to do so. She was then afforded a reasonable time to conduct discovery. Plaintiff has made multiple filings with numerous exhibits, and yet has failed to produce probative evidence to dispute CVS's assertions. The Court will grant summary judgment on Plaintiff's premises claim because the undisputed evidence shows that CVS did not own Store 2963 or control German.

Doc. 101 at 6-7.

The Court also addressed Ms. Epps's argument that the corporate veil should be pierced and CVS Health should be liable for her alleged injuries at the Arizona store. The Court explained that the evidence presented by Ms. Epps did not satisfy the legal requirements for piercing the corporate veil. *Id.* at 9-10.

As this lengthy history demonstrates, Ms. Epps was afforded ample opportunity both to sue the correct Defendant and, when she persisted in suing CVS Health, to obtain information showing the liability of CVS Health. She failed to do so, and the "new" evidence she now presents to revisit the summary judgment motion is not new. What is more, all of Ms. Epps's presently cited sources were available during the discovery period. She states in an affidavit, for example, that she retained investigators to collect the allegedly new information in June and July of 2019, *after* the Court had entered summary judgment. *See* Doc. 115 at 23-24. And she confirms that her allegedly new information was available in "open-source databases, legal compendia, Arizona Statutes, U.S. Supreme Court records, records of the EDGAR database maintained by the Securities Exchange Commission, the Maricopa County Recorder's Office, and the Arizona Department of Corporations." Doc. 115 at 26. These sources, although reflecting information already known to the parties, could have been accessed during the discovery period through reasonable diligence.

### C. The "New" Evidence Would Not Change The Outcome.

The evidence relied on by Ms. Epps in her recent motions is that CVS Health has a wholly-owned subsidiary, CVS Pharmacy, Inc., which is the sole member of German Dobson, the LLC that owns the store where she allegedly was injured. But these facts do not show that CVS Health is liable for her injuries. "Limited liability companies are statutorily-created entities, designed primarily to provide the personal liability protection found in a corporate structure[.]" *TM2008 Investments, Inc. v. Procon Capital Corp.*, 323 P.3d 704, 707 (Ariz. Ct. App. 2014). The fact that CVS Pharmacy, Inc. is the sole member of German Dobson does not establish that CVS Pharmacy, Inc. (or its parent, CVS Health) is liable for Ms. Epps's injuries. Ms. Epps misunderstands corporate structure, and the fact that owners of a corporation are not liable for actions of the corporation unless the corporate veil is pierced. And as noted above, Ms. Epps failed to provide evidence sufficient to create a question of fact as to whether the corporate veil should be pierced in this case. She still has not provided such evidence. As a result, the

relationships between CVS Health, CVS Pharmacy, Inc., and German Dobson do not provide a basis for reconsidering the Court's previous decision.

The Court's previous summary judgment ruling addressed Ms. Epps's somewhat confusing corporate veil arguments by looking to Delaware law because CVS Health is a Delaware corporation. *See* Doc. 101 at 8-9. She clearly did not present evidence sufficient to pierce the corporate veil under Delaware law. *Id.* Even if the Court looks to Arizona law because German Dobson is an Arizona LLC, the result is the same. In Arizona, "[a] corporation will be treated as a separate entity unless sufficient reason appears to disregard the corporate form." *Keg Restaurants Arizona, Inc. v. Jones*, 375 P.3d 1173, 1182 (Ariz. Ct. App. 2016). "But when a subsidiary corporation is merely the parent corporation's alter ego and when observing the corporate form would work an injustice, a court may properly 'pierce the corporate veil' and hold the parent corporation liable for the acts of its subsidiary." *Id.* "This 'alter ego' status exists when such unity of interest and ownership exists that the separate personalities of the corporations cease to exist." *Id.*

> Unity of control exists when the parent corporation exercises substantially total control over the management and activities of the subsidiary. To be held responsible for actions of its subsidiary, a parent must actually exercise control such that the subsidiary is a mere instrumentality. Factors proving "substantially total control" include common officers or directors, the parent's financing of the subsidiary, the parent's payment of the subsidiary's salaries and other expenses, the subsidiary's failure to maintain formalities of separate corporate existence, the similarity of the parent's and the subsidiary's logos, and the opposing parties' lack of knowledge of the subsidiary's separate corporate existence.

*Id.* (citations omitted).

Ms. Epps addresses none of these factors. She provides no evidence about the control, financing, or management relationship between CVS Pharmacy, Inc. and German Dobson. Nor does she address the additional requirement, if she is to prevail against the Defendant she has chosen to sue, of piercing the corporate veil between CVS Pharmacy, Inc. and its parent, CVS Health.

In short, Ms. Epps presents no new evidence that would alter the outcome of this case. She has sued the wrong Defendant, despite defense counsel's and the Court's efforts to help her name the correct store owner. And it appears that the owner would not simply be an empty pocket – its claims management company reached out to Ms. Epps to address her injuries, but she rebuffed the overture. *See* Doc. 11-1 at 6.

**II.     Fraud On The Court.**

Ms. Epps suggests that Defendant committed fraud on the Court when it provided an affidavit from Melanie Luker, a Senior Manager of Corporate Services at CVS Pharmacy, Inc. The affidavit states that "CVS Health Corporation does not have any employees or, conduct any business in the state of Arizona," "does not own, control, or operate CVS Pharmacy Store #2963, located at 711 E. Indian School Road, Phoenix, Arizona 85014," and "does not manage, co-own, or control German Dobson CVS, LLC." Doc. 115 at 50-51. The affidavit also states that the store in question is owned by German Dobson CVS, LLC. *Id*.

Nothing Ms. Epps has produced shows that these assertions are false. It is possible for a parent corporation not to control the actions of its subsidiary and not to own property owned by its subsidiary. The corporate structure can protect the parent from liability of the subsidiary if corporate formalities are observed. Ms. Epps has not shown that Ms. Luker's affidavit constituted a fraud on the court.

**III.    Recusal Of The Undersigned Judge.**

Ms. Epps argues that the undersigned judge should be removed from this case on the basis of bias and prejudice. But her arguments arise solely from the Court's rulings in this case. *See* Doc. 115 at 3-7. It is well settled that judicial rulings "almost never" provide a basis for disqualification of a judge. *See United States v. McChesney*, 871 F.3d 801, 807 (9th Cir. 2017). The Court in this case has taken extra steps to assist Ms. Epps as a pro se litigant. *See* Docs. 60, 77. The Court understand that she disagrees, strongly, with the Court's rulings, but that is not a basis for recusal.

**IV. Conclusion.**

Ms. Epps has filed more than 24 motions in this Court, in addition to numerous other memoranda. The fact remains, however, that she named a Defendant that does not own the store at which she was injured, and she has failed to provide evidence that Defendant can be held liable for actions of the store owner. As a result, all of Ms. Epps's pending motions will be denied. The Court further directs that Ms. Epps shall not file additional motions in this Court unless the case is reversed on appeal and remanded.

**IT IS ORDERED:**

1. Plaintiff's pending motions (Docs. 109, 114, 115, 118, 120, 123, and 125) are **denied**.
2. The Court directs that Ms. Epps shall not file additional motions in this case unless the case is reversed on appeal and remanded.

Dated this 24th day of October, 2019.

*David G. Campbell*
David G. Campbell
Senior United States District Judge